Lin v. Barr

BIA
Schoppert, IJ
A200 245 507

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of November, two thousand nineteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> REENA RAGGI,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

XIUDAN LIN, AKA LIN XIUDAN
> *Petitioner,*

> v.

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

17-3220
NAC

| | |
|---|---|
| **FOR PETITIONER:** | Gary J. Yerman, Esq., The Yerman Group, LLC, New York, NY. |
| **FOR RESPONDENT:** | Chad A. Readler, Acting Assistant Attorney General; Leslie McKay, Senior Litigation Counsel; Lisa Morinelli, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiudan Lin, a native and citizen of China, seeks review of a September 13, 2017 decision of the BIA affirming an October 31, 2016 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiudan Lin,* No. A200 245 507 (B.I.A. Sept. 13, 2017), *aff'g* No. A200 245 507 (Immig. Ct. N.Y.C. Oct. 31, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case, and we refer to them only as necessary to explain our decision to deny the petition.

We have reviewed both the IJ's and the BIA's decisions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination for substantial evidence). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility

2

determination on . . . the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor."  8 U.S.C. § 1158(b)(1)(B)(iii).  "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.  Applying these standards, we conclude that the agency's adverse credibility determination is supported by substantial evidence.

As an initial matter, the agency did not err in relying on Lin's airport interview. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 179-81 (2d Cir. 2004) (observing that a credibility determination can be based on inconsistencies arising from an airport interview).  We "exercise caution" when reviewing these initial statements "because such interviews may be perceived . . . as coercive or threatening . . . [and] aliens may not be entirely forthcoming in the

3

initial interview." *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 396 (2d Cir. 2005) (internal quotation marks and emphasis omitted). But here, we identify no error in the agency's reliance on the interview statements because the interview record "bears hallmarks of accuracy and reliability." *Ming Zhang v. Holder*, 585 F.3d 715, 721 (2d Cir. 2009) (quoting *Ramsameachire*, 357 F.3d at 181). The interview was memorialized in a typed question and answer format, indicating that it is close to a verbatim record. Further, the interview included questions designed to elicit an asylum claim, such as why Lin left China and came to the United States; whether she feared return to her home country; and whether she would be harmed upon return. Lin was responsive to the questions during the interview, which was conducted through a Mandarin interpreter. In addition, Lin initialed each page of the interview and signed the last page. *See Ramsameachire*, 357 F.3d at 181 (finding airport interview record had "hallmarks of accuracy and reliability, as it [wa]s typewritten, signed by [the petitioner], and initialed by him on each page").

In light of that preliminary conclusion, we find that substantial evidence supports the agency's determination

4

that her testimony was not credible.  At the airport interview Lin did not mention factors she later pointed to in support of her asylum claim: her practice of Christianity, her arrest, and her continued fear of persecution on that basis.  Nor did she then identify as Chinese family planning cadres the men who she said forced her to have an abortion.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 165-67. Rather, when asked at the airport interview why she came to the United States and what she feared in China, Lin said that she came to work and stated that her former boyfriend who was married had sent men to force her to have abortion. But during her subsequent credible fear interview, in her asylum statement, and at her hearing, she claimed that she left China because the Chinese police arrested her, beat her, and detained her for seven days for attending an underground Christian church.  And, during her credible fear interview in November 2011, she did not identify the men who took her to have a forced abortion.  She also stated that she did not know the identities of the men who later kidnapped her and held her in a warehouse when she tried to report the forced abortion.  Further, at her June

5

2016 asylum hearing, she alleged for the first time that the men who took her to undergo a forced abortion were family planning cadres. These inconsistencies concern the incidents that formed the basis of her claim for relief, and accordingly are strongly supportive of the agency's adverse credibility determination. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (concluding that inconsistency regarding "example of the very persecution from which [petitioner] sought asylum . . . afforded substantial evidence to support the adverse credibility finding" (internal quotation marks and citations omitted)).

The agency was not compelled to accept Lin's explanations for these discrepancies, which were primarily that she was frightened and nervous during her airport interview. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for h[er] inconsistent statements to secure relief; [s]he must demonstrate that a reasonable fact-finder would be *compelled* to credit h[er] testimony." (internal quotation marks omitted)); *see also Ming Zhang*, 585 F.3d at 722 (noting that an applicant's assertion of

6

nervousness or fear during an airport interview does not overcome a record of a sworn statement that has been deemed sufficiently reliable).

The agency also reasonably rejected Lin's efforts to rehabilitate her testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The agency reasonably declined to afford significant weight to letters from Lin's friends and family in China because those individuals were not available for cross-examination, Lin's mother was an interested party, and Lin's mother's letter did not corroborate that the alleged forced abortion occurred. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision to afford little weight to spouse's letter because it was unsworn and from an interested witness).

Our determination that substantial evidence supports the agency's adverse credibility determination is also dispositive of her claims of asylum, withholding of removal, and CAT relief because all three forms of relief

7

rest on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court